FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 21, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Joseph William Hart,<br><br>            Petitioner,<br><br>v.<br><br>Washington State Department of Corrections, et al.,<br><br>            Respondents. | 2:24-cv-00131-SMM<br><br>**ORDER DISMISSING PETITION** |

      Self-represented Petitioner Joseph William Hart, who is confined in the Airway Heights Corrections Center, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF Doc. 1) and paid the filing fee. The Court will **DISMISS** the Petition and this action.

**I.    Petition**

      Petitioner pleaded guilty and was convicted in 2004 in Spokane County Superior Court, case #041016356, of attempted first-degree robbery. He was sentenced to 46 months in prison.

      In his Petition, Petitioner raises four grounds for relief. In Ground One, Petitioner contends he received ineffective assistance of counsel because his "court appointed defense attorney" was not present at his arraignment and Petitioner had to represent himself at the arraignment. In Ground Two, he asserts the court proceedings were unconstitutional because he was unable to defend himself "due to diminished capacity resulting from mental illness." In Ground Three, he alleges "Jason E. Smith committed a crime on [Petitioner]

and falsif[ied] his statements[,] taking advantage of [Petitioner's] diminished capacity." In Ground Four, Petitioner claims the "crime that [he] was prosecuted for was the result of a series of organized mixed crime by the same people in the case."

## II. Discussion

A district court must summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. In this case, summary dismissal is warranted because Petitioner cannot attack his attempted robbery conviction directly or collaterally.

### A.   Petitioner cannot attack his conviction directly

Pursuant to § 2254(a), a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement means that federal courts lack jurisdiction unless the petitioner is "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Petitioner is not in custody under the attempted robbery conviction, he has fully served the 46-month sentence imposed two decades ago. *See* ECF Doc. 1 at 14 ("S[]ince I have finished serving my time[,] I have become incarcerated again.")

### B.   Petitioner cannot attack his conviction collaterally

The "in custody" requirement is satisfied a petitioner is challenging the validity of an expired state conviction that was used to enhance his current sentence. *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401-02 (2001). Petitioner's expired attempted robbery conviction was used as "strike" when Petitioner was sentenced as a persistent offender in Franklin County Superior Court case #121501172. *See State v. Hart*, 353 P.3d 253, 255 ¶ 2 (Wash. Ct. App. 2015) ("Because Mr. Hart had two prior 'most serious offense' convictions including one for attempted first degree robbery at age 20 and one for second degree assault at age 22, the trial court sentenced him under the [Persistent Offender

Accountability Act] to life without the possibility of release . . . ."). Thus, the Petition, "construed with the deference to which *pro se* litigants are entitled," can be read as asserting a challenge to the sentence in case #121501172, "as enhanced by the allegedly invalid prior conviction." *Dubrin v. Cal.*, 720 F.3d 1095, 1097 (9th Cir. 2013) (quoting *Maleng*, 490 U.S. at 493).

Even though the "in custody" requirement may be satisfied, "when an 'expired' prior conviction . . . is later used to enhance a criminal sentence, a state prisoner 'generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.'" *Id.* (quoting *Lackawanna*, 532 U.S. at 403-04). Although there are exceptions to this general rule, discussed below, Petitioner does not qualify for them.

The Supreme Court has recognized an exception to *Lackawanna* when there was a failure to appoint counsel in the expired conviction, in violation of the Sixth Amendment. *Lackawanna*, 532 U.S. at 404. However, in Petitioner's attempted robbery case, the court appointed counsel. Although Petitioner contends appointed counsel was not present at the arraignment, Petitioner does not allege he was denied counsel at other stages in the attempted robbery proceedings. To the contrary, he alleges he was represented by counsel at the plea and sentencing stages of the attempted robbery proceedings. *See* ECF Doc. 1 at 13. The attorney's failure to attend the arraignment does not constitute an exception to *Lackawanna*. *See Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) ("prisoners are not entitled to an exception on the ground that their counsel provided inadequate representation"); *see also Lackawanna*, 532 U.S. at 404 ("the 'failure to appoint counsel for an indigent [is] a unique constitutional defect . . . ris[ing] to the level of a jurisdictional defect,' which therefore warrants special treatment among alleged constitutional violations." (quoting *Custis v. United States*, 511 U.S. 485, 496 (1994))).

Additional exceptions to *Lackawanna* exist where the petitioner cannot be faulted for failing to obtain a timely review of a constitutional claim because a state court, "without justification, refuse[s] to rule on a constitutional claim that has been properly presented to

it," or where the petitioner has, "after the time for direct or collateral review has expired," obtained "compelling evidence" that he is "actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Lackawanna*, 532 U.S. at 405; *see also Dubrin*, 720 F.3d at 1098. Petitioner does not argue these exceptions apply; does not allege a state court refused, without justification, to rule on a properly presented constitutional claim;[1] and presents no evidence, compelling or otherwise, that he is actually innocent.

**IT IS ORDERED:**

(1) Petitioner's Petition for Habeas Corpus (ECF Doc. 1) and this case are **dismissed**.

(2) The District Court Clerk is directed to enter this Order, enter Judgment, and close this case.

(3) The District Court Clerk is directed to provide a copy of this Order and the Judgment to Petitioner.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] Petitioner asserts his "circumstance of misfortune," "unstable mental conditions," and "diminished capacity" are the reason he never, over the course of nearly two decades, pursued his state court remedies regarding his attempted robbery conviction. Although Petitioner is "a paranoid schizophrenic who suffers from antisocial personality disorder," *Hart*, 353 P.3d at 255 ¶ 2, his allegations are insufficient to meet his burden of demonstrating entitlement to equitable tolling. *See Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (a petitioner "bears a heavy burden" to show entitlement to equitable tolling); *Bills v. Clark*, 628 F.3d 1092, 1099-1101 (9th Cir. 2010) (setting forth requirements for entitlement to equitable tolling based on mental impairment).

(4)   Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 21st day of May, 2024.

_____
Honorable Stephen M. McNamee
Senior United States District Judge